AMERICAN INSURANCE COMPANY OF CHICAGO, Plaintiff in Error, v. THOMAS J. SMITH, Defendant in Error.

Kansas City Court of Appeals, December 7, 1885.

1. FOREIGN INSURANCE COMPANY—REQUIREMENTS OF STATUTE AS TO CERTIFICATES.—The statute of 1869 (Laws of Mo., sects. 27–30, p. 55) required that the certificate of a foreign insurance company from the state insurance commissioner, should be recorded in the recorder's office of the county where the contract of insurance is made. But the statute of 1874 (Laws of Mo., sect. 7, p. 76) omits, in the amendment to section thirty of the act of 1869, the provision aforesaid, and makes a certified copy of the certificate from the insurance commissioner, the evidence of authority by foreign corporations to do business in the state.

2. ——— VOLUNTARILY OFFERING FURTHER PROOF—CASE ADJUDGED. Where, however, as in this case, the insurance company assumes the proof affirmatively of the existence of such certificate for several years, but omits proof thereof for the year in controversy, the submission to the jury of the fact of authority, under proper instruction, is not error.

ERROR to Gasconade Circuit Court, HON. A. J. SEAY, Judge.

*Affirmed.*

The facts and case are stated in the opinion.

D. H. McIntyre, for plaintiff in error.

I.   Under the act of March 23, 1875, the certificate of the superintendent of insurance was not required to be filed in the office of the recorder of deeds in the county where contract of insurance was made. But if the statute of 1869 had still been in force the failure to record the authority to do business in the county would not have affected plaintiff's right to maintain this action. *Ins. Co. v. Walsh,* 18 Mo. 229; *Clark v. Ins. Co.,* 19 Mo. 53; *Leonard v. Washburn,* 100 Mass. 251.

II.   The instruction given by the court tended to mislead the jury. It requires direct and competent evidence of authority to do business in the state and county, but overlooks and ignores the fact that by the production of the note and the stipulation that defendant had executed it, and that it was unpaid, the plaintiff had made out a sufficient case unless rebutted.

III.   Important facts were virtually withdrawn by this instruction and it is not adapted to the facts of this case.

No brief on file for defendant in error.

Philips, P. J.—This case has been on appeal in the supreme court once before, and is reported in 73 Mo. 368.   As appears from the opinion of the court, the first judgment of the circuit court in favor of plaintiff was reversed because of the improper ruling on the law of the case. The supreme court held that the suit being found on a note given by defendant to the plaintiff, a foreign insurance corporation, in part payment of a premium on a policy of insurance, the plaintiff had made out a *prima facie* case at the trial, by introducing the note in evidence; and if the defendant would avoid its payment on the ground that the plaintiff at the time of the contract of insurance was not authorized to conduct

the business of insurance in this state, it devolved on it
to rebut plaintiff's *prima facie* case by introducing
proof of the absence of such license.

On the re-trial, defendant again had judgment, and
plaintiff again appeals. It made the same proof, in the
first instance it offered on the first trial, and rested.
The defendant then introduced evidence, to the effect,
that for the year 1874 the plaintiff had the requisite cer-
tificate from the state insurance commissioner, duly
recorded in the recorder's office for Gasconade county,
where the contract of insurance in question was made.
This recording in the county was required by statute.
Sects. 27–30, p. 55–56, Laws Mo. 1869. This certificate,
or permit, expired on the first of February, 1875. No
such permit or certificate was filed for record in said
county subsequent to the year 1874.

This evidence plaintiff meets with the objection, that
so much of the provision of the act of 1869 as required
said certificate to be filed for record in the local re-
corder's office was repealed by the act of 1874. Laws
Mo. 1874, sect. 7, p. 76. This act of 1874 does omit, in
the amendment to said section thirty of the act of 1869,
the provision aforesaid, and makes a certified copy of the
certificate from the insurance commissioner the evidence
of authority by foreign insurance corporations to do
business in the state.

Therefore, it may be conceded to appellant that the
mere absence of such certificate in the recorder's
office for the year 1875, would not warrant the
inference that no such certificate existed. And if the
verdict rested on such proof alone it could not stand.
But there are other facts in this record. Aside from the
proof introduced by defendant, showing that in March,
1876, the state insurance commissioner had revoked the
authority hitherto given plaintiff to pursue its business
in the state for *past* delinquences and failure to comply
with the law, which manifestly occurred between
February, 1875, and March, 1876, the plaintiff voluntarily
took upon itself the task of satisfying the jury that it

did have such permit for the year 1875. To this end it showed the existence of such certificate to it for every year from January, 1874, to January, 1884, save and except the particular year in question of 1875! This is a most significant fact, and was well calculated to persuade the jury that plaintiff had not the certificate essential to maintain its cause.

The certified copy of the certificate was in its possession, if in existence. Why, therefore, while struggling to satisfy the jury on this very point, did it not strike the knot and shiver it, by producing the certificate?

The fact necessary for the defendant to satisfy the minds of the jury on was simply, did plaintiff have such certificate in August, 1875? This fact could be proven directly, or by facts and circumstances which would satisfy "the mind and conscience of a common man." The competency and admissibility of the evidence is for the court; but its sufficiency and effect belong exclusively to the jury.  1 Greenleaf Ev., sect. 2.

The only instruction given by the court told the jury, in substance, that if the plaintiff had authority to do business in the state as such insurance corporation, and to take the note, at the time it was given, the note was valid; but unless they found that it had such authority at that time, they should find for defendant.

The instruction is clumsily framed, but we think the jury, if of ordinary intelligence, as we presume it was, were advised by it what the real issue was. And in view of the paltry sum (only three dollars) in controversy, and in view of the fact that plaintiff has seen fit twice to vex the appellate courts with it, we do not feel that the ends of justice and the public good would justify further contention over this matter.

The judgment of the circuit court is affirmed. All concur.